680 F.2d 1225
 29 Fair Empl.Prac.Cas. 1281,
29 Empl. Prac. Dec. P 32,839
 Delores ELLIOTT, Helen Ambrose and all other persons
similarly situated, Appellants,
v.
SPERRY RAND CORPORATION, a Delaware corporation, the
International Brotherhood of Electrical Workers, AFL-CIO,
and Local Union No. 2047 of the International Brotherhood of
Electrical Workers, Appellees.
Delores ELLIOTT, Helen Ambrose and all other persons
similarly situated, Appellees,
v.
SPERRY RAND CORPORATION, a Delaware corporation, Appellant,
International Brotherhood of Electrical Workers, AFL-CIO and
Local Union No. 2047 of the International
Brotherhood of Electrical Workers.
 
 Nos. 81-1977, 81-1995.
 United States Court of Appeals,
Eighth Circuit.
 Submitted May 17, 1982.
Decided June 23, 1982.
 Donna L. Roback, Judith M. Wolf, Minneapolis, Minn., for appellants, cross-appellees Delores Elliott and Helen Ambrose.
 Maslon, Edelman, Borman, Brand & McNulty, Hyman Edelman, William Z. Pentelovitch, Minneapolis, Minn., for appellee, cross-appellee I.B.E.W.
 Popham, Haik, Schnobrich, Kaufman & Doty, Ltd., David S. Doty, Sally A. Johnson, Steven G. Heikens, Minneapolis, Minn., for appellee, cross-appellant Sperry Rand Corp.
 James T. Hansing, Minneapolis, Minn., for appellee, cross-appellee Local Union No. 2047 of the Intern. Broth. of Elec. Workers.
 Before BRIGHT and McMILLIAN, Circuit Judges, and HARRIS, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Named plaintiffs-appellants Elliott and Ambrose objected to the proposed settlement of a class action alleging sex discrimination by the Sperry Rand Corporation (Sperry Rand) and appeal from the district court's order approving the settlement, awarding attorneys' fees to class counsel, and denying them attorneys' fees. Sperry Rand cross-appeals from the district court's ruling that the class, not Sperry Rand, receive interest on the settlement fund which Sperry Rand has deposited separately pending distribution to the class. We affirm in part, reverse in part, and remand for a determination and award of attorneys' fees to the named plaintiffs.
 
 
 2
 Delores Elliott, Helen Ambrose, and Roberta Pettit initially brought this action against Sperry Rand, the International Brotherhood of Electrical Workers, and Local Union No. 2047, alleging sex discrimination in employment, in violation of Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e et seq. The district court, the Honorable Earl R. Larson presiding, certified this case as a class action on May 27, 1976. This court denied Sperry Rand's petition for a writ of mandamus seeking decertification of the class in Sperry Rand Corporation v. Larson, 554 F.2d 868 (8th Cir. 1977).
 
 
 3
 Trial began on September 8, 1980, and continued through October 24, 1980, when plaintiffs rested their case. Before resumption of the trial scheduled for January, 1981, the parties entered into serious settlement negotiations. Elliott and Ambrose, the named plaintiffs, became dissatisfied with the course of these negotiations, and as a result, retained separate counsel in April 1981. The parties, however, reached agreement in May 1981, and class counsel, along with counsel for the defendants, submitted a stipulated settlement to the district court for approval.
 
 
 4
 On July 27, 1981, the district court held a hearing on the fairness of the proposed settlement. Seven hundred and ninety class members, including the named plaintiffs, filed objections to the stipulated settlement.[1] Approximately thirty class members testified in opposition to the settlement. Elliott and Ambrose appeared at this hearing to voice their objection to the settlement and were represented by separately retained counsel.
 
 
 5
 The district court entered an order on August 19, 1981, approving the settlement, which provides $1.5 million as monetary relief for past discriminatory practices of Sperry Rand, and awards $850,000 in attorneys' fees and costs to class counsel. At the same time, the district court denied attorneys' fees to the named plaintiffs. In a separate order dated August 21, 1981, the court ruled that the interest on the $1.5 million settlement fund should accrue for the benefit of the class members, not Sperry Rand.
 
 
 6
 On appeal, Elliott and Ambrose contend that the district court abused its discretion in approving the stipulated settlement. Specifically, they argue that the settlement provides inadequate financial relief, fails to correct discriminatory practices, provides inadequate procedures for enforcement, and was negotiated in violation of their rights to due process.
 
 
 7
 We consider appellants' contention in light of the following standard:
 
 
 8
 Our review of the settlement approved by the district court in this case is guided by the principle that:
 
 
 9
 Such a determination is committed to the sound discretion of the trial judge. Great weight is accorded his views because he is exposed to the litigants, and their strategies, positions and proofs. He is aware of the expense and possible legal bars to success. Simply stated, he is on the firing line and can evaluate the action accordingly.
 
 
 10
 Ace Heating & Plumbing Co. v. Crane Co., 453 F.2d 30, 34 (3d Cir. 1971). Only upon a clear showing that the district court abused its discretion will this court intervene to set aside a judicially approved class action settlement. (Grunin v. International House of Pancakes, 513 F.2d 114, 123 (8th Cir.), cert. denied, 423 U.S. 864, 96 S.Ct. 124, 46 L.Ed.2d 93 (1975).)
 
 
 11
 Judge Larson presided over this case from its inception, listened to seven weeks of trial testimony, and reviewed numerous exhibits and depositions. After listening to objections and assessing the strengths and weaknesses of plaintiffs' case, he concluded that the settlement reached was fair, reasonable, and adequate. Appellants have not clearly demonstrated that the district court abused its discretion in approving this settlement.
 
 
 12
 Elliott and Ambrose also objected to the award of attorneys' fees, costs, and expenses to the law firm of Hvass, Weisman and King (the Hvass firm). Elliott and Ambrose claim that an award to the Hvass firm is unwarranted because that firm had withdrawn as class counsel because of a potential conflict of interest and later came back into the suit without notice to, or authorization by, the named plaintiffs.
 
 
 13
 Elliott and Ambrose, however, cite no authority for their argument that a law firm, which withdraws and later reenters a class action, may not recover its costs, expenses, and fees. Nor do they assert that the Hvass firm's participation as counsel for the class represented an actual conflict of interest, or that the amount of the fees awarded was unreasonable. On the record presented, we cannot say that the district court abused its discretion in awarding the attorneys' fees for which the stipulated settlement provided.
 
 
 14
 We disagree, however, with the court's order denying attorneys' fees to the named plaintiffs. At oral argument, counsel for the class plaintiffs acknowledged that the named plaintiffs required separate representation because their interests had diverged from those of the class. By their participation at the settlement hearing, the named plaintiffs contributed to the adversarial nature of the proceedings, see Frankenstein v. McCrory Corporation, 425 F.Supp. 762, 767 (S.D.N.Y.1977), and provided representation for a significant group of objectors. Moreover, these individuals are not simply dissenters, but the plaintiffs who initially brought this action. Accordingly, they deserve some compensation for their attorneys' fees. This compensation, however, must come out of the fund ($850,000) set aside for attorneys' fees by the stipulated settlement. On remand, the district court in its discretion shall determine an appropriate award of attorneys' fees for the named plaintiffs taking into consideration time spent and other relevant matters, including the value of those services in proceedings leading to approval of the settlement.
 
 
 15
 Finally, Sperry Rand argues that the district court incorrectly awarded the interest accruing on the $1.5 million settlement fund to the class members. After approving the settlement, the district court determined that this money no longer belonged to Sperry Rand. The court reasoned that if the distribution of funds had not been delayed by this appeal, the individual class members would have been in a position to invest the money and claim the interest. We agree with this reasoning and accordingly affirm the court's order awarding the interest from the settlement fund to the class members. Cf. Webb's Fabulous Pharmacies, Inc. v. Beckwith, 449 U.S. 155, 162, 101 S.Ct. 446, 451, 66 L.Ed.2d 358 (1980) (interest on interpleaded fund allocated to those who ultimately own the principal).
 
 
 16
 In sum, we affirm the orders of the district court approving the settlement and awarding interest on the settlement fund to the class members, but reverse the order denying attorneys' fees to the named plaintiffs. We remand the case to the district court for a prompt determination of the amount due the named plaintiffs for attorneys' fees, which will be awarded out of the fund set aside for the attorneys' fees of the class.
 
 
 
 *
 OREN HARRIS, United States Senior District Judge, Eastern and Western Districts of Arkansas, sitting by designation
 
 
 [1]
 The total class consisted of approximately 3,000 members. The vast majority approved the settlement