# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3780

_____

| | |
|---|---|
| In re: BankAmerica Corporation Securities Litigation | * <br> * <br> * <br> * <br> * <br> * |
| _____ | * <br> * |
| Kevin Kloster, Joseph Hempen, | * <br> * |
| Plaintiffs - Appellees, | * |
| John M. Koehler, David P. Oetting, | * <br> * |
| Plaintiffs - Appellants, | * <br> * |
| Selma Kaiser, Brian Markee, Walter E. Ryan, Jr., | * <br> * <br> * |
| Plaintiffs - Appellees, | * <br> * |
| Ernesto Gumapas, Sydney Sorkin, Herman Shyken, Carol Mackay, Executrix of the estate of Joseph I. Sir, | * <br> * <br> * <br> * |
| Intervenors Below - Appellees, | * <br> * <br> * |
| Robert A. Hepworth, | * <br> * |
| Plaintiff - Appellee, | * <br> * |

Appeal from the United States District Court for the Eastern District of Missouri.

v.                                          *
                                            *
Hugh L. McColl, Jr., James H. Hance,        *
Jr., David A. Coulter, Michael E.           *
O'Neill, John J. Higgins, Marc D. Oken,     *
Bank of America,                            *
                                            *
            Defendants - Appellees,         *
                                            *
Allison Desmond,                            *
                                            *
            Objector,                       *
                                            *
JAS Securities, LLC, Milberg, Weiss,        *
Bershad, Hynes & Lerach, LLP,               *
Wachovia Bank National Association,         *
                                            *
            Movants Below.                  *

_____

Submitted: June 11, 2003
Filed: December 2, 2003    "Corrected 12/8/03"

_____

Before MELLOY, HANSEN, and SMITH, Circuit Judges.

_____

MELLOY, Circuit Judge.

In this class action under the Private Securities Litigation Reform Act of 1995, 15 U.S.C. § 78u-4 (the "Act"), the district court[1] determined that it possessed the

_____

[1]The Honorable John F. Nangle, Senior United States District Judge for the Eastern District of Missouri.

authority to approve a global settlement involving all plaintiff classes notwithstanding the fact that some members of a lead plaintiff group for one of four certified plaintiff classes objected to the settlement. We affirm.

## I. Background

The plaintiffs in this class action alleged losses caused by misrepresentations and omissions surrounding the 1998 merger of NationsBank and BankAmerica to form Bank of America. After consolidating numerous state and federal actions from multiple jurisdictions, the district court certified four plaintiff classes: the NationsBank and BankAmerica, Holder and Purchaser classes. Membership in the classes depended on whether plaintiffs held or purchased NationsBank or BankAmerica shares during designated periods of time. As required under the Act, the district court appointed lead plaintiffs or lead plaintiff groups who in turn selected class counsel. See 15 U.S.C. § 78u-4(a)(3)(B)(i) and (v). The district court also designated some of these lead plaintiffs as class representatives under Fed. R. Civ. P. 23.

The district court appointed a seven-member lead plaintiff group to represent the NationsBank classes. Members of this group included Earl J. Gates, Robert Hepworth, Pamela Wootton, Appellees Joseph Hempen and Kevin Kloster, and Appellants John M. Koehler and David P. Oetting. The district court appointed a six-member lead plaintiff group to represent the BankAmerica classes. Members of this group included David Fike, Elizabeth Menkes, Patricia A. Thomas, and Appellees Selma Kaiser, Brian Markee, and Walter E. Ryan, Jr. No members of the lead plaintiff groups were large institutional investors nor did they have relationships with one another prior to this litigation. The lead plaintiffs for the NationsBank classes owned, collectively, less than one tenth of one percent of the outstanding shares in NationsBank. Institutional investors owned more than forty percent of NationsBank, but no institutional investor came forward to serve as a lead plaintiff.

-3-

Shortly before trial, class counsel, defendants, and some members of the lead plaintiff groups participated in a mediation that led to the signing of a memorandum of understanding with the defendants regarding a $490 million global settlement of all claims. Under the global settlement, Bank of America was to pay the NationsBank classes approximately $333 million and the BankAmerica classes approximately $157 million. While many of the circumstances and statements surrounding the mediation are disputed, it is undisputed that class counsel signed the memorandum of understanding with the defendants after members of the lead plaintiff group for the NationsBank class left the mediation.

In response to a motion for the district court's approval of the global settlement, three members of the NationsBank lead plaintiff group, Appellants Oetting and Koehler and Appellee Kloster, filed objections. They alleged that class counsel instructed them to leave the mediation because it was futile, but that class counsel remained and reached the proposed global settlement for an amount far below that which they had authorized. Based on these allegations, they argued that the district court should not approve the global settlement because: class counsel negotiated the settlement without their approval as lead plaintiffs; the settlement provided inadequate compensation to the NationsBank classes; and the settlement improperly structured compensation to be paid in cash rather than stock thus resulting in adverse tax consequences and a depletion of the cash reserves of the new, merged bank (in which most plaintiffs owned shares).

After sending notice to, and soliciting objections from, the hundreds of thousands of eligible class members, the district court received a total of ten objections. No institutional investors objected. The joint objection from Appellants Oetting and Koehler and Appellee Kloster was the only objection filed by any members of the NationsBank lead plaintiff group. Regarding the other NationsBank lead plaintiffs, Appellee Hepworth supported the global settlement; Gates died prior

to the mediation; Hempen was not available for comment; and Wootton stated that she would defer to the decision of the group.

Faced with the fractured positions of the NationsBank lead plaintiff group, the lack of a singular voice to advocate a position for the group, and the lack of clear guidance in the Act regarding the power of a fraction of one lead plaintiff group to disapprove settlement, the district court looked to cases under Fed. R. Civ. P. 23 to determine the proper weight to place on the objections from Oetting, Koehler, and Kloster. The district court held a fairness hearing and issued an order in which it determined, inter alia, that it had the authority to approve the settlement even over the objections raised by the three members of the NationsBank lead plaintiff group.

In determining that it had the authority to conduct a fairness/adequacy review and approve the settlement over Appellants' objections, the district court emphasized its duty to act in the best interest of class members. It noted that Appellants' estimations of the settlement value of the case were so high as to be "bordering on fantasy." It expressed concern that, because the global settlement amount far exceeded what had been previously offered to the separate classes, the Appellants potentially were jeopardizing a favorable settlement. The district court was intimately familiar with the case, having spent over three years with the case prior to ruling on the settlement. In light of this familiarity, the district court clearly expressed its opinion that, based on working with the attorneys in the case, this was not the kind of lawyer-driven, lawyer-initiated lawsuit that fails to protect class interest and that Congress targeted with the Act.

Ultimately, the district court approved the settlement as fair and adequate by applying those factors we have listed as relevant in the context of Rule 23 fairness determinations. See Van Horn v. Trickey, 840 F.2d 604, 607 (8th Cir. 1988). In particular, the district court noted the adequacy of the settlement in light of the apparent merits of the plaintiffs' cases and in light of the risks and the high level of

uncertainty that the litigation would entail if allowed to proceed to trial. The district court further noted the absence of objections from institutional investors and the relatively slight number of shares owned by the objecting lead plaintiffs.

On appeal, Appellants Koehler and Oetting argue that we should reverse the district court's decision and hold that the district court erred as a matter of law in approving the global settlement over their objections. They interpret the Act as prohibiting the district court from approving a settlement unless the district court either receives approval from the lead plaintiff, or lead plaintiff group, or disqualifies the lead plaintiff for acting in a manner inimical to class interests. All parties concede that the Act does not expressly provide for such a requirement, and Appellees argue that we should not read such a requirement into the Act.

Alternatively, Appellees argue that we are not required to address the broader issue of how much power the Act grants to lead plaintiff groups to control and settle litigation. Appellees characterize the narrow issue presented for review as relating only to whether the district court abused its discretion when it acted to approve a settlement over objections from *some* members of a *fractured* lead plaintiff group that failed to speak with one voice. In other words, Appellees argue that this case does not concern the relative roles that class counsel, lead plaintiffs and the supervising district court should play under the Act, but rather, is simply a case about how a district court is to deal with a fractured lead plaintiff group.

We note that NationsBank lead plaintiff group member Kloster changed his position after the district court proceedings and now appears before us as an appellee to argue in support of the global settlement. Further, as expressly conceded by Appellants during oral argument, the district court's findings of fairness and adequacy are not contested on appeal. Therefore, the only issue on appeal is whether the district court properly determined that it had the authority, over the objections of Koehler and Oetting, to review and approve the settlement.

-6-

II.

Congress enacted the Private Litigation Securities Reform Act of 1995 to address problems related to class action securities litigation. In particular, Congress sought to create mechanisms to ensure the protection of class members' interests in securities litigation that was widely perceived as being lawyer-instituted and lawyer-driven. See In re Cendant Corp. Litig., 264 F.3d 210, 254-68 (3rd Cir. 2001) (providing a discussion of the history behind the adoption of the Act and the potentially conflicting interests of class counsel and class members). One way in which the Act provides this protection is by requiring the district courts to appoint a lead plaintiff or lead plaintiff group to represent aggrieved shareholders and requiring these lead plaintiffs to select counsel. See 15 U.S.C. § 78u-4(a)(3)(B)(i) ("the court shall . . . appoint as lead plaintiff the member or members of the purported plaintiff class that the court determines to be most capable of adequately representing the interests of class members . . . the 'most adequate plaintiff'"); 15 U.S.C. § 78u-4(a)(3)(B)(v) ("The most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class."). To further ensure that class members' interests and not the interests of class counsel drive the litigation, the Act contains a rebuttable presumption that the most adequate plaintiff is the "person or group of persons that . . . has the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).[2]

While the Act is explicit on the lead plaintiff's authority to select and retain counsel, it is silent on the other responsibilities and rights that lead plaintiffs have to

---

[2]Although we noted that the lead plaintiffs in this case are not institutional investors and do not have the largest financial interest in the relief sought by the classes, the district court's selection of lead plaintiffs is not the subject of this appeal.

control, direct, and manage class action securities litigation. In particular, the Act says nothing about whether the lead plaintiff must either approve a settlement or be replaced for actions inimical to class interests before a district court may review and approve a proposed settlement. In addition, it says nothing regarding how a district court should deal with a fractured lead plaintiff group that advocates inconsistent positions.

We agree with Appellees that the present case does not squarely present the broad question of whether the Act grants a lead plaintiff or lead plaintiff group sufficient control over litigation to block a district court's approval of a proposed settlement. Looking at the narrow issue that is presented, namely, what weight a district court must give to objections from a fraction of a fractured lead plaintiff group, we find no guidance in the Act and find that the district court properly relied on decisions under Rule 23 when it determined that it possessed the necessary authority to approve the settlement.

"Under Rule 23(e) the district court acts as a fiduciary who must serve as guardian of the rights of absent class members." Grunin v. Int'l House of Pancakes, 513 F.3d 114, 123 (8th Cir. 1975). It is appropriate for the district court to serve this role as guardian for absent class members because the district court is heavily involved in the management of class actions and, therefore, "'is exposed to the litigants, and the strategies, positions and proofs.'" Id. (quoting Ace Heating & Plumbing Co. v. Crane Co., 453 F.2d 30, 34 (3d Cir. 1971)). In light of this exposure to the litigants and litigation, we defer to district courts' approvals of settlement agreements in class actions under an abuse of discretion standard:

> Our review of the settlement approved by the district court in this case is guided by the principle that: Such a determination is committed to the sound discretion of the trial judge. Great weight is accorded his views because he is exposed to the litigants, and their strategies, positions and proofs. He is aware of the expense and possible legal bars to success.

Simply stated, he is on the firing line and can evaluate the action accordingly.

Elliot v. Sperry Rand Corp., 680 F.2d 1225, 1227 (8th Cir. 1982) (per curiam) (internal citations omitted).

We believe this abuse of discretion standard is also appropriate for our review of the district court's decision to approve the global settlement over the objection of Appellants Koehler and Oetting. The Act does not expressly divest the district court of its Rule 23(e) authority or discretion by explicitly granting a veto power to lead plaintiffs. Further, it seems clear that the Act was intended to supplement rather than replace Rule 23. This strongly suggests that Congress did not intend to remove discretion from the district courts or usurp the district courts' traditional responsibility to guard the interests of absent class members.

Reviewing the district court's decision only for abuse of discretion, then, we find that the district court, which was intimately familiar with this lengthy and complex matter, did not abuse its discretion in overruling the objections of a fraction of the NationsBank lead plaintiff group. The district court properly determined that it bore a responsibility to safeguard the interests of class members, expressly noted that this case was not lawyer-driven, understood the risks attendant to trial and the strengths and weaknesses of the plaintiffs' cases, and emphatically noted what it viewed as the unrealistic expectations of the objecting lead plaintiffs. In light of these determinations and the absence of guidance in the Act, it was not an abuse of discretion for the district court to proceed under Rule 23 and approve the settlement over Appellants' objections. We leave for another day a determination of how much control over litigation the Act confers on a singular lead plaintiff or unified lead plaintiff group.

Accordingly, the judgment of the district court is affirmed.

_____