J. Michael KOEHLER, Plaintiff,

v.

Martin M. GREEN; Jules Brody; Martin D. Chitwood; Donald H. Clooney; Joe D. Jacobson; Jonathon F. Andres; Vincent R. Capucci; Andrew J. Entwistle; Green, Schaaf & Jacobson, P.C.; Stull, Stull & Brody, L.L.P.; Chitwood & Harley, L.L.P.; Clooney & Anderson, P.C., Defendants.

No. 04 Civ.9811.

United States District Court, S.D. New York.

Feb. 25, 2005.

Joseph David Pope, Cohen Pope PLLC, New York, NY, for J. Michael Koehler, Plaintiffs.

### DECISION AND ORDER

MARRERO, District Judge.

In reviewing the complaint filed in this matter, the Court noted that the claims it asserts arise out of *In re BankAmerica Corp. Securities Litigation,* No. MDL 1264, which was extensively litigated in the Eastern District of Missouri, including on appeal to the Court of Appeals for the Eighth Circuit. That litigation resulted in a settlement agreement, which was approved by the District Court for the Eastern District of Missouri on September 30, 2002.

Plaintiff J. Michael Koehler brought the instant case to challenge the alleged deliberate subversion of the lead plaintiff provisions of the Private Securities Litigation Reform Act of 1995 and alleged breaches of fiduciary duties by the lawyers and law firms who were class and lead class counsel in the *BankAmerica* litigation. The court that approved the settlement in that litigation retained jurisdiction over the case "for all matters relating thereto." *In re BankAmerica Corp. Securities Litigation,* 228 F.Supp.2d 1061, 1069 (E.D.Mo. 2002). Given that court's familiarity with and continuing jurisdiction over the matters that form the basis of the instant complaint, the Court finds that transfer of the case to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a) is warranted. *See Willoughby v. Potomac Elec. Power Co.,* 853 F.Supp. 174, 176 (D.Md.1994) (transferring case to District of Columbia where the case was "tightly intertwined with the Consent Decree recently issued by the District of Columbia Court" and noting that "a district court that enters a consent decree and retains enforcement jurisdiction in all probability has exclusive jurisdiction over claims relat-

ing to it." (citing, *inter alia, Figures v. Board of Public Utilities,* 967 F.2d 357 (10th Cir.1992))). *See also Minnesota Mining & Mfg. Co. v. Technical Tape Corp.,* 123 F.Supp. 497 (N.D.Ill.1954) ("Section 1404(a) of Title 28 was designed to prevent duplicate trials of the same subject matter."). Accordingly, it is hereby

**ORDERED** that the Clerk of Court is directed to transfer this action to the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a) and to close the case on this Court's docket.

**SO ORDERED.**