BEAM, Circuit Judge.
Juvenile inmates at the South Dakota State Training School at Plankinton sued as a class to improve conditions at the facility. The inmate class claimed that actions of the school deprived them of their constitutional rights under both the First and Fourteenth Amendments to the Constitution and that the procedures used violated the Individuals with Disabilities Education Act, 20 U.S.C. §§ 1400-1487. At issue, among other things, were (1) the restraint methods used by the institution’s employees, (2) the lengthy confinements to which inmates were subjected, (3) the provision (or lack thereof) of mental health services, (4) the training of staff, (5) the “arbitrary” method of discipline and punishment, (6) the presence of male staff members in the female shower area, (7) the monitoring of telephone calls and visits, and (8) the lack of special education courses for inmates who need additional educational assistance.
The parties notified the court that they were conducting settlement negotiations and later presented a settlement agreement for approval. Christina A. v. Bloomberg, No. 00-4036, slip op. at 2 (D.S.D. Dec. 13, 2000). After conducting a “fairness hearing” pursuant to Federal Rule of Civil Procedure 23(e), id., the court approved the settlement agreement and dismissed the action without prejudice pursuant to Federal Rule of Civil Procedure 41(a)(2), retaining jurisdiction for the “purpose of enforcing the Settlement Agreement.” Id. at 8. Although the court explicitly determined that the agreement was “fair, reasonable, and adequate,” it incorporated none of the specific terms and conditions agreed upon by the parties in its opinion and order. Id.
The class then sought an award of attorney’s fees and expenses, and the district court granted this request. The court held that the Prison Litigation Reform Act (“PLRA”) did not limit the amount of attorney’s fees the class could receive and that the class was entitled to a fully compensatory fee and expense award because the settlement agreement had a positive impact on conditions at the facility, making the class a prevailing party. The class was awarded $302,617.50 in attorney’s fees and $74,019.98 in costs and expenses, after the district court made appropriate reductions in the fee award.[1] The Secretary of the South Dakota Department of Corrections and the Superintendent of the State Training School appeal the district court’s award of fees and costs and expenses. For the reasons stated below, we reverse.
*992 1. DISCUSSION
A. Prevailing Party Status
“[WJe review de novo the legal question of whether a litigant is a prevailing party.” Jenkins v. Missouri, 127 F.3d 709, 713 (8th Cir.1997). Section 1988(b) of Title 42 of the United States Code allows the court to award reasonable attorney’s fees to the “prevailing party.” In this case, the issue of whether or not the inmate class is a prevailing party entitled to receive fees centers around a recent Supreme Court decision, Buckhannon Board & Care Home, Inc., v. West Virginia Department of Health and Human Resources, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001). In Buckhannon, the Court held that the “catalyst theory” of prevailing party[2] status is no longer valid. Under the “catalyst theory,” a party prevails if the lawsuit brought forth “voluntary change” by the defendant. 532 U.S. at 601, 121 S.Ct. 1835. The “catalyst theory” is inappropriate for the award of attorney’s fees because “[i]t allows an award where there is no judicially sanctioned change in the legal relationship of the parties.” Id. at 605, 121 S.Ct. 1835. The Court determined that a legal change, rather than a voluntary change, in the relationship of the parties is required. Id. “A defendant’s voluntary change in conduct, although perhaps accomplishing what the plaintiff sought to achieve by the lawsuit, lacks the necessary judicial imprimatur on the change.” Id.
The Supreme' Court specified that a judgment on the merits or a “settlement agreement!] enforced through a consent decree” is sufficient to meet this standard. Id. at 604, 121 S.Ct. 1835. In the present case, the debate is over the status of the settlement agreement and the court’s role in enforcing it. The Court in Buckhannon stated that “[p]rivate settlements do not entail the judicial approval and oversight involved in consent decrees.” Id. at 604 n. 7, 121 S.Ct. 1835. If the agreement between the inmate class and the institution is a private settlement, then it is clear from Buckhannon that the inmate class is not a “prevailing party” entitled to attorney’s fees under 42 U.S.C. § 1988.
We begin with an analysis of the district court’s actions by way of ratification of the settlement agreement. Rule 23(e) of the Federal Rules of Civil Procedure states that “[a] class action shall not be dismissed or compromised without the approval of the court.” Fed.R.Civ.P. 23(e). “In approving a class settlement, the district court must consider whether it is ‘fair, reasonable, and adequate.’ ” Van Horn v. Trickey, 840 F.2d 604, 606 (8th Cir.1988) (quoting Grunin v. Int’l House of Pancakes, 513 F.2d 114, 123 (8th Cir.1975)). The district court’s review of the settlement agreement in this case essentially determined whether it was “fair, reasonable, and adequate” and was merely an exercise in compliance with Rule 23(e). This review fails to impose the necessary “imprimatur ” on the agreement.
A class action settlement, like an agreement resolving any other legal claim, is a private contract negotiated between the parties. Nevertheless, Rule 23(e) requires the court to intrude on that private consensual agreement to ensure that the agreement is not the product of fraud or collusion and that, taken as a whole, it is fair, adequate, and reasonable to all concerned.
5 Moore’s Federal Practice § 23.82[1] (3d ed.2000) (emphasis added). Although Rule 23(e) requires the district court to approve the class action agreement, it does not *993 require the court to establish the terms of the agreement. Therefore, the district court’s approval of the settlement agreement does not, by itself, create a consent decree, and the inmate class did not become a prevailing party under Buckhan-non by this action of the trial court.
The appellants concede that the settlement agreement in this case is “something more” than a private settlement agreement because the district court retained jurisdiction to enforce it. However, the district court’s enforcement jurisdiction alone is not enough to establish a judicial “imprimatur ” on the settlement contract. The district court indicated that, although the settlement agreement was not a formal consent decree, “to read Buckhannon to require one particular form for resolving a dispute in order to become a prevailing party is to read the opinion too narrowly.” Christina A. v. Bloomberg, 167 F.Supp.2d 1094, 1098 (D.S.D.2001). The court went on to say that the settlement agreement served essentially the same purpose as a formal consent decree since it changed the legal relationship between the parties by requiring the appellants to make specific improvements to the training school and by allowing the appellees to enforce the agreement in court. Id. at 1099.[3] We disagree with this conclusion.
Buckhannon, as indicated, makes it clear that a party prevails only if it receives either an enforceable judgment on the merits or a consent decree.[4] Buckhannon, 532 U.S. at 604, 121 S.Ct. 1835. A private settlement agreement is not enough.[5] While a judge has the authority to enforce the terms of a consent decree, “noncompliance with a consent decree is enforceable by citation for contempt of court.” Local No. 98, Int’l Ass’n of Firefighters v. City of Cleveland, 478 U.S. 501, 518, 106 S.Ct. 3063, 92 L.Ed.2d 405 (1986).[6] This court has held that consent decrees are distinguishable from private settlements by the means of enforcement. “[Cjonsent decrees ... are enforceable through the supervising court’s exercise of its contempt powers, and private settlements [are] enforceable only through a new action for breach of contract.” Hazen ex rel. LeGear v. Reagen, 208 F.3d 697, 699 (8th Cir.2000) (citing Benjamin v. Jacobson, 172 F.3d 144, 157 (2d Cir.1999)). We are convinced that the court’s dismissal order of December 13, 2000, would not support a citation for contempt. As earlier noted, no specifically enumerated contract terms were incorporated into the court’s order. We think that either party, if aggrieved, could institute a breach of contract action and, perhaps, in the district court assuming, without deciding, the continuation of federal court jurisdiction for such a case. “A voluntary dismissal without prejudice under Rule 41(a)(2) [as here] renders the proceedings a nullity and leaves the parties as if the action had *994 never been brought.” 8 Moore’s Federal Practice § 41.40[9][b] (3d ed.1997). So, it is possible that the class could seek reinstatement of the dismissed action under the district court’s retained enforcement jurisdiction. But, the availability of either of these potential non-contempt remedies fails to support the conclusion that the settlement agreement serves essentially as a consent decree. See 18 U.S.C. § 3626(g)(6); Kokkonen v. Guardian Life Ins., 511 U.S. 375, 381, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994).
B. Prison Litigation Reform Act
“Abuse of discretion governs review of fee awards, however, questions of law are reviewed de novo.” Lane v. United States Dep’t of Agric., 294 F.3d 1001, 1003 (8th Cir.2002) (citing Jenkins v. Missouri, 127 F.3d 709, 713 (8th Cir.1997)). Since our examination of the applicability of the PLRA is a question of law, we hold that the fee-limiting provisions of the Act apply in this case. This statute, codified in part at 42 U.S.C. § 1997e(d), places limits on the amount of attorney’s fees that a court may award a plaintiff prisoner. The provision at issue states the following:
[i]n any action brought by a prisoner who is confined to any jail, prison, or other correctional facility, in which attorney’s fees are authorized under section 1988 of this title, such fees shall not be awarded, except to the extent that ... the fee was directly and reasonably incurred in proving an actual violation of the plaintiffs rights protected by a statute pursuant to which a fee may be awarded under section 1988 of this title.
42 U.S.C. § 1997e(d)(l)(A) (emphasis added).
The district court held that the State Training School did not fall within the definition of a “jail, prison, or other correctional facility” even though the juvenile inmate class members fall within the definition of “prisoner” in this provision. Christina A., 167 F.Supp.2d at 1099. In reaching this determination, the court found that the definition of “institution” found in 42 U.S.C. § 1997, a section that applies to section 1997e and pre-dates the PLRA, was the appropriate definition to consider. Id. Section 1997 defines an “institution” to include “a jail, prison, or other correctional facility” and a facility for juveniles “adjudicated delinquent” or “in need of supervision.” 42 U.S.C. § 1997(l)(B)(ii), (iv)(III). The district court reasoned that Congress must have intended section 1997e to apply only to adult facilities because section 1997 explicitly refers to juvenile facilities and section 1997e does not. Christina A., 167 F.Supp.2d at 1099. We disagree. The statutory construction used by the district court fails to take into account the plain language of the statute. “Although Congress did not define the phrase ‘jail, prison, or other correctional facility’ ... the plain meaning of the phrase undoubtedly encompasses juvenile detention facilities.” Alexander S. v. Boyd, 113 F.3d 1373, 1383 (4th Cir.1997).
Section 3626(g)(5) of Title 18 of the United States Code, another provision of the PLRA, explicitly defines a “prison” as a “facility that incarcerates or detains juveniles or adults.” Under this definition of a “prison,” the fee-limiting provision found in 42 U.S.C. § 1997e(d)(l) would clearly encompass the State Training School. In Alexander S., a case with facts similar to the present case, the Fourth Circuit determined that the definition of “jail, prison, or other correctional facility” covered the juvenile facility at issue in that case. 113 F.3d at 1383-84. The court stated that since 18 U.S.C. § 3626(g)(5) and 42 U.S.C. § 1997e(d)(l) were enacted at the same time as part of the PLRA, the definitions of “prison” are the same, based on the “cardinal rule of statutory construction ... that statutes which are originally part of *995 the same Act should be construed together.” Id. Therefore, “jail, prison, or other correctional facility” in 42 U.S.C. § 1997e(d)(l) encompassés juvenile facilities since 18 U.S.C. § 3626(g)(5) defines prisons to include juvenile facilities. Id. at 1384.
The district court rejected this reasoning because the sections of the PLRA were codified in various sections of the United States Code. “The problem with the panel opinion in Alexander S. is its failure to take into account the structure of the PLRA. This structure makes it unsafe to assume that a term defined in one section of the PLRA necessarily has the same definition in another.” Christina A., 167 F.Supp.2d at 1100. We find this reasoning unpersuasive, and we agree with the Fourth Circuit that juvenile facilities are covered by the fee-limiting provisions of the PLRA.
Because we have concluded that the juvenile inmate class is not entitled to attorney’s fees, we need not address whether the class was entitled to a fully compensatory award or whether the district court erred in not reducing the costs and expenses awarded for duplicative travel by class counsel.
II. CONCLUSION
We reverse the district court’s award of attorney’s fees and costs and expenses, and we remand for entry of judgment consistent with this opinion.

. The district court reduced attorney’s fees for duplicative representation of the class at depositions and interviews, but the court did not make similar reductions in costs and expenses for duplicative travel.

. "We agree with our sister circuits that Buckhannon applies broadly to fee-shifting statutes that employ the prevailing party’ language.” Cody v. Hillard, 304 F.3d 767, 773 n. 3 (8th Cir.2002).

. We do not read the district court's opinion as holding that an agreement that falls short of the essential requirements of a consent decree is sufficient. We believe that the court finds that the approved agreement is, indeed, some form of consent decree.

. A consent decree is defined as "[a] court decree that all parties agree to.” Black’s Law Dictionary 419 (7th ed.1999) (emphasis added).

. The PLRA defines a "private settlement” as "an agreement entered into among the parties that is not subject to judicial enforcement other than the reinstatement of the civil proceeding that the agreement settled.” 18 U.S.C. § 3626(g)(6). In this case, the district court purported to retain jurisdiction over the agreement in order to enforce its provisions against the appellants.

.“There can be no question that courts have inherent power to enforce compliance with their lawful orders through civil contempt.” Shillitani v. United States, 384 U.S. 364, 370, 86 S.Ct. 1531, 16 L.Ed.2d 622 (1966).